IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRENTISE EMMANUEL PRATHER, § | | |
| Inmate #331283, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-21-0884 | |
| § | | |
| CONROE POLICE DEPARTMENT § | | |
| OFFICERS, et al., § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Prentise Emmanuel Prather (Inmate #331283, former TDCJ #619443), has filed a civil rights complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), concerning criminal charges that are pending against him in state court. At the court's request Prather has filed Plaintiff's More Definite Statement ("Plaintiff's MDS")(Docket Entry No. 15), which provides additional details about his claims. Because Prather is a prisoner who proceeds <u>in forma pauperis,</u> the court is required to scrutinize the claims and dismiss the Complaint if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

On July 2, 2020, Prather was traveling north on Interstate Highway 45 when he was stopped for speeding.[1] During this traffic stop Prather contends that two unidentified officers employed by the Conroe Police Department executed a warrantless search "without probable cause" and placed him under arrest after they found "pills" inside the vehicle compartment.[2] Prather was taken to the Montgomery County Jail, where he remains in custody.[3]

As a result of his arrest Prather was charged with a controlled-substance offense in Montgomery County Cause No. 20-07-08004.[4] These charges are pending against Prather in the 435th District Court of Montgomery County, Texas.[5] According to Prather, the charges concern "Ecstasy Pills" that the police officers recovered from a backpack, which was under a blanket on the back-seat floorboard of the vehicle Prather was driving.[6] Although

---

[1] Complaint, Docket Entry No. 1, p. 3. For purposes of identification, all page numbers reference the pagination imprinted on each docket entry by the court's electronic case filing system, ECF.

[2] Id.

[3] Id.

[4] Plaintiff's MDS, Docket Entry No. 15, p. 2, Response 3(A).

[5] Complaint, Docket Entry 1, p. 3; Scheduling Order for Cause No. 20-07-08004, attached as an exhibit to Plaintiff's MDS, Docket Entry No. 15-1, p. 11.

[6] Plaintiff's MDS, Docket Entry No. 15, p. 5, Response 4(E).

-2-

Prather reportedly consented to the search,[7] he maintains that the traffic stop was illegal and that his arrest was false.[8] In support of this claim Prather notes that the vehicle's registration was expired, there was no proof of insurance or financial responsibility, and he had no valid driver's license, but the officers did not issue a speeding ticket or any citation for these violations.[9]

Invoking 42 U.S.C. § 1983, Prather has filed this suit against the Conroe Police Department and the two unidentified officers who conducted the traffic stop that resulted in the search of his vehicle and his arrest.[10] Prather also sues his appointed criminal defense counsel, William Pattillo, and the trial judge who presides over the 435th District Court of Montgomery County, Patti Maginnis.[11] Prather asks this court for the following relief: (1) to intervene in his pending state court criminal case and dismiss the charges against him; (2) to place the police officers on probation or suspension; (3) to reprimand Judge Maginnis for failing to acknowledge his pro se motions; and (4) to discipline

---

[7]Id. at 4, Response 4(C).

[8]Complaint, Docket Entry No. 1, p. 3; Plaintiff's MDS, Docket Entry No. 15, p. 2, Responses 2 and 3(B).

[9]Plaintiff's MDS, Docket Entry No. 15, p. 5, Response 4(F).

[10]Complaint, Docket Entry No. 1, p. 2.

[11]Id.

Pattillo for failing to provide effective representation.[12] Prather also seeks "punitive damages" from the City of Conroe for the officers' actions and he requests compensatory damages in the amount of $50,000.00 for lost property that belonged to his mother.[13]

## II. Discussion

### A. Claims Against Judge Maginnis

Prather contends that Judge Pattie Maginnis violated his rights by refusing to acknowledge or rule on his pro se motions seeking dismissal of the charges against him and other relief in his pending criminal case.[14] Prather cannot recover monetary damages from Judge Maginnis because "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). To the extent that Prather seeks declaratory or injunctive relief in the form of a reprimand, this court has no power to grant injunctive relief or direct state officials in the performance of their duties. See Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973); see also Johnson v. Bigelow, 239 F. App'x 865 (5th

---

[12]Id. at 3.

[13]Id.

[14]Plaintiff's MDS, Docket Entry No. 15, p. 6, Response 5.

Cir. 2007) (per curiam) (affirming the dismissal as frivolous of a prisoner's request for injunctive relief under 42 U.S.C. § 1983 against a state judge because "the federal courts have no authority to direct state courts or their judicial officers in the performance of their duties"). The pleadings do not otherwise disclose any impropriety on the part of Judge Maginnis because trial courts are not required to consider pro se submissions in a case where a criminal defendant is represented by counsel. See In re Scott, No. 01-20-00793-CR, 2020 WL 7062319, at *1 (Tex. App. — Houston [1st Dist.] Dec. 3, 2020, orig. proceeding) (per curiam) ("Criminal defendants are not entitled to hybrid representation in the same case and a 'trial court is free to disregard any pro se motions presented by a defendant who is represented by counsel.'")(quoting Robinson v. State, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007)).

To the extent that Prather seeks dismissal of his state criminal charges, his claim is not cognizable under 42 U.S.C. § 1983. See Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); Wilkinson v. Dotson, 125 S. Ct. 1242, 1245 (2005) ("[A] prisoner in state custody cannot use a § 1983

action to challenge the fact or duration of his confinement.") (internal quotation marks and citation omitted). For reasons explained previously in this case, there is no other basis to intervene or interfere with Prather's ongoing criminal proceeding.[15] Accordingly, the claims against Judge Maginnis will be dismissed as frivolous.

**B.   Claims Against William Pattillo**

Prather contends that William Pattillo, as his appointed criminal defense attorney, has violated his constitutional rights because Pattillo has not urged the trial court to consider his pro se motions and he has not provided effective assistance of counsel.[16] Prather cannot state a claim against Pattillo under 42 U.S.C. § 1983, which requires a plaintiff to demonstrate a constitutional violation that was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Lugar v. Edmundson Oil Co., 102 S. Ct. 2744, 2753 (1982). It is well established that criminal defense attorneys, even court-appointed ones, are not state actors for purposes of a

---

[15]See Order, Docket Entry No. 10, pp. 2-3 (denying Prather's Motion to Dismiss the criminal charges pending against him under the doctrine of abstention found in Younger v. Harris, 91 S. Ct. 746 (1971)).

[16]Complaint, Docket Entry No. 1, p. 2; Plaintiff's MDS, Docket Entry No. 15, pp. 6-7, Response 5.

suit under § 1983. See Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (citations omitted); see also Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."). Therefore, Prather's claims against Pattillo will be dismissed as frivolous.

C.  **Claims Against the Conroe Police Department**

Prather sues the Conroe Police Department for his arrest by the unidentified officers who illegally searched his vehicle and filed a "fraudulent police report" against him.[17] Prather cannot state a claim against the Conroe Police Department because, as a subdivision of the City of Conroe, it lacks capacity and is not subject to suit. See FED. R. CIV. P. 17; Maxwell v. Henry, 815 F. Supp. 213, 215 (S.D. Tex. 1993); see also Darby v. Pasadena Police Dep't, 939 F.2d 311, 313-14 (5th Cir. 1991) (concluding that, as an agency or subdivision of the city, the police department lacked capacity to be sued as an independent entity).

Prather does not name the City of Conroe as a defendant, but he seeks punitive damages from the City for actions attributed to the police offers who executed the traffic stop, search, and arrest

---

[17]Complaint, Docket Entry No. 1, p. 2.

that resulted in the criminal charges against him.[18] Prather does not allege facts establishing liability under 42 U.S.C. § 1983 because a municipal entity is not vicariously liable under a theory of respondeat superior for wrongdoing committed by its employees. See Monell v. Dep't of Social Services of City of New York, 98 S. Ct. 2018, 2037 (1978).

Prather otherwise fails to state an actionable claim against the City of Conroe because he does not allege facts showing that his rights were violated as the result of a constitutionally deficient policy. See Peterson v. City of Fort Worth, Texas, 588 F.3d 838, 847 (5th Cir. 2009) ("A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it 'through some official action or imprimatur.'") (quoting Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001)). In addition, Prather's claim for punitive damages against the City of Conroe fails for other reasons because punitive damages are not recoverable against a municipality in a suit filed under 42 U.S.C. § 1983. See City of Newport v. Fact Concerts, Inc., 101 S. Ct. 2748, 2762 (1981) (holding that "a municipality is immune from punitive damages under 42 U.S.C. § 1983"). Accordingly, Prather's claims against the Conroe Police Department and the City of Conroe will be dismissed as frivolous.

---

[18] Id. at 3.

**D. Claims For Lost Property**

Prather seeks to recover $50,000.00 in compensatory damages for the loss of unidentified items of personal property that had sentimental value because they belonged to his mother.[19] The Supreme Court has held that a negligent, or even intentional, deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. See Hudson v. Palmer, 104 S. Ct. 3194, 3204 (1984); see also Parratt v. Taylor, 101 S. Ct. 1908, 1917 (1981), overruled in part on other grounds by Daniels v. Williams, 106 S. Ct. 662 (1981).

Texas provides a post-deprivation remedy for inmates whose property has been taken or destroyed in an unauthorized manner. See Myers v. Klevenhagen, 97 F.3d 91, 94-96 (5th Cir. 1996) (per curiam); see also Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994) (explaining that wrongful confiscation of an inmate's personal property may be actionable in Texas under the tort of conversion); Stauffer v. Gearhart, 741 F.3d 574, 583 (5th Cir. 2014) ("In Texas, when an inmate's property is taken without compensation, his remedy is in state court, not federal court."). Therefore, Prather's claim concerning his lost property must be

---

[19]Complaint, Docket Entry No. 1, p. 3.

dismissed as frivolous. See Nelson v. Director, Texas Dep't of Crim. Justice, 124 F. App'x 897, 898 (5th Cir. 2005) (holding that both the civil rights lawsuit and appeal from the dismissal of a prisoner's suit seeking compensatory damages for the loss of personal property were "frivolous").

**E. Remaining Claims**

Prather's only remaining claims are against the unidentified Conroe police officers who conducted the traffic stop and search that resulted in his arrest.[20] Arguing that the officers violated his rights, Prather asks the court to place the officers on probation or suspension.[21] This claim fails because there is no constitutional right to have an officer disciplined or corrected. See Brown v. Gusman, Civil No. 15-1491, 2015 WL 6827260, *7 (E.D. La. 2015) (citing Ordaz v. Martin, No. 93-4170, 1993 WL 373830, at *9 (5th Cir. Sept. 15, 1993) (per curiam)).

In addition, any claim that officers violated the Fourth Amendment during the traffic stop and search incident to his arrest is further precluded by the rule in Heck v. Humphrey, 114 S. Ct. 2364 (1994). Under that rule a civil rights plaintiff cannot recover money damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions

---

[20]Complaint, Docket Entry No. 1, pp. 2-3.

[21]Id. at 3.

whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck, 114 S. Ct. at 2372.

Prather's challenge to the traffic stop and ensuing search that resulted in his arrest implicate the validity of the drug charges that remain pending against him. See Wallace v. Kato, 127 S. Ct. 1091, 1099 n.5 (2007) ("[A] Fourth Amendment claim can necessarily imply the invalidity of a conviction, and [] if it does it must, under Heck, be dismissed."); Johnson v. Bradford, 72 F. App'x 98, 99 (5th Cir. 2003) (per curiam) ("There is no merit to [the plaintiff's] contention that his Fourth Amendment claims relating to the search of his apartment and seizure of cocaine are not barred by [Heck]."). Because these criminal charges remain pending against Prather, any Fourth Amendment claim concerning the stop and search that resulted in his arrest is barred from consideration and must be dismissed with prejudice to being asserted again until the conditions described in Heck are met. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met").

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The civil rights complaint under 42 U.S.C. § 1983 filed by Prentise Emmanuel Prather (Docket Entry No. 1) is **DISMISSED with prejudice** as frivolous.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Memorandum Opinion and Order to the Three-Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 3rd day of June, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE